IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Stanley J. Fernandes, <br> and All Others Similarly Situated <br>     Plaintiffs, <br><br> v. <br><br> Complex OMV, Inc., Mircea Osvath and <br> Ana Irina Chirla <br>     DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action <br> File No. <br><br> Jury Demanded |

## PLAINTIFF'S ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFFS, Stanley J. Fernandes, and all others similarly situated, and complain of Defendants Complex OMV, Inc., Mircea Osvath and Ana Irina Chirla (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Stanley J. Fernandes ("Mr. Fernandes"), and to all others similarly situated, in the course of their employment with the Defendants.

### II.
### JURISDICTION AND VENUE

3. Plaintiff, on behalf of himself and the plaintiff class, brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA, a federal statute.

4. The Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331

and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over the Defendants because Defendants conduct business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

7. **Stanley J. Fernandes**, Plaintiff, is a resident of Harris County, Texas. Plaintiff was an employee who worked as a gas station / convenience store clerk owned and operated by the Defendants and their enterprise.

8. **Members of the "Plaintiff Class"** are current and former hourly employees of Defendants who work, or worked, at one or more of Defendants' business establishments that collectively comprise an enterprise under the FLSA.

9. Defendant, **Complex OMV, Inc.**, is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Mircea Osvath at 27407 Whispering Maple Way, Spring, Texas 77386, or at any other address where he may be found. This Defendant is (or was) part of an enterprise that owns (or owned) and operates (or operated) several related business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

10. Defendant, **Mircea Osvath,** is an individual who may be served with summons and complaint at his residence at 27407 Whispering Maple Way, Spring, Texas 77386, or at any other address where he may be found. This Defendant, owns (or owned) and operates (or operated) several related business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

2

11. Defendant, **Ana Irina Chirla,** is an individual who may be served with summons and complaint at her residence at 28426 Woodsons Lake Drive, Spring, Texas 77386, or at any other address where he may be found. This Defendant, owns (or owned) and operates (or operated) several related business establishments engaged in interstate commerce or in the production of goods for interstate commerce.

12. Whenever in this complaint it is alleged that the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

13. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

14. During the relevant period, Defendants have been an "employer" under 29 U.S.C. § 203(d), which the U.S. Supreme Court has referred to as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

15. During the relevant period, Defendants were a "joint employer". *See, Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973); *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975).

16. During the relevant period, Defendants were an integrated enterprise. Because the Defendants collectively acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class, the Defendants collectively were the employer of members of the Plaintiff Class, which included the Plaintiff.

17. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" within the meaning of 29 U.S.C. § 203(e).

## V.
## "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

18. The Defendants were subject to the requirements of the FLSA because both "enterprise" and "individual" based coverage existed during the relevant period.

19. Individual coverage exists because in dispensing his duties for the Defendants as a gas station / convenience store clerk (i.e., selling gasoline and other items to customers and businesses' employees who were either travelling between states or who had travelled to or from other states), Plaintiff was engaged in interstate commerce. 29 U.S.C. § 207(a)(2)(C).

20. Defendants' enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A).

21. Defendants have (or had) employees engaged in commerce or in the production of goods for commerce, and/or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

22. In the course of owning and operating gasoline stations / convenience stores, Defendants' employees regularly utilized the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handled materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.). Defendants are thus "engaged in commerce" and have worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial*

4

*Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

23. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, the Defendants had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

24. Defendants are an enterprise under 29 U.S.C. § 203(r)(1). Defendants are collectively engaged in related activities that are (or were) performed under the common control of Defendants Mircea Osvath and Ana Irina Chirla (the "Individual Defendants"), for a common business purpose, irrespective of the fact that such related activities are (or were) performed by one or more legal entity.

25. Defendants are a joint employer for purposes of this collective action. 29 C.F.R. §791.2(b). In particular, as employers the Defendants are not completely disassociated with respect to the employment of members of the Plaintiff Class (which includes the Plaintiff), and are thus deemed to share control of these employees, directly or indirectly, by reason of the fact that Defendants' businesses where Plaintiff and the Plaintiff Class worked are (or were) under common control. 29 C.F.R. §791.2(b)(3).

26. The Defendants are an integrated enterprise. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

27. The Individual Defendants own and operate (or owned and operated) the businesses where Plaintiff and the Plaintiff Class worked.

28. The Individual Defendants own and operate (or owned and operated) one or more gasoline stations and convenience stores.

29. The Individual Defendants are the sole individual that commonly controlled the gasoline stations and convenience stores where Plaintiff and members of the Plaintiff Class worked.

30. As owners of these businesses, the Individual Defendants possessed the sole authority to set wage and overtime policies for all of their businesses.

31. The wage and overtime policies the Individual Defendants devised and implemented for their businesses violated the overtime pay provisions of the FLSA because Plaintiff and the Plaintiff Class worked overtime hours for which they received straight-time wages.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

33. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

34. As such, class certification is appropriate for all employees of the Defendants in

6

this matter because Defendants are related.

35. Plaintiff seeks notice to issue to all employees of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

36. Defendants have (or had) a wide-spread policy and practice of paying their employees' wages only at their straight-time hourly rates.

37. This policy and practice violated the FLSA because it allows the Defendants not to pay their employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

38. By failing to document the pay owed to Plaintiff and to members of the Plaintiff Class, the Defendants also committed repeated and willful violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

39. Defendant own and operate (or owned and operated) the aforementioned businesses, and they set this pay policy shared by all such businesses.

40. The common policy is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

41. Members of the Plaintiff Class together have been victimized by the Individual Defendants' ill-conceived patterns, practices, and policies that violate the FLSA. As such, other similarly situated employees were denied their lawful wages; Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

42. Further, although the amount of damages may vary among individual members of

the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

43. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants have denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

44. All current and former non-exempt employees employed by Defendants' business establishments, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

45. The class that Plaintiff seeks to represent is comprised of <u>all current and former non-exempt employees of the Defendants 1) who worked at any business establishment of Defendants located in Texas that was owned, operated and / or acquired during the class period, and 2) who the Defendants failed to compensate at the proper hourly overtime rate</u>.

46. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VII.
## FACTS

47. Defendants employed Mr. Stanley J. Fernandes from February 7, 2014, until June 1, 2017, as a clerk at one of their business establishments, a Valero branded gas station and convenience store doing business as "Diamond Food Mart" located at 12672 Veterans Memorial Drive, Houston, Texas 77014.

48. During this period of his employment with the Defendants, Plaintiff Fernandes typically worked from 12:00 p.m. until 12:00 a.m., seven days a week.

49. At the time Mr. Fernandes was hired, the Individual Defendants informed him that he would be paid at $12.00 per hour in cash for all of his hours worked, and that Plaintiff would not receive any overtime pay.

50. Mr. Fernandes in fact received no overtime pay for the overtime hours he worked on a weekly basis, and he now sues for these unpaid wages.

51. Mr. Fernandes' work duties included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises.

52. As agreed at the outset of Plaintiff's employment, he received no overtime wages for weekly hours worked in excess of forty (40).

53. Similarly, all members of the Plaintiff Class that seek to be a part of this collective action received no overtime wages.

## VIII.
## CAUSE OF ACTION

### Violation of the FLSA – Failure to pay overtime wages

54. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

55. Plaintiff and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

56. During his employment with the Defendants, Mr. Fernandes worked overtime hours on a weekly basis at the request of his employer.

57. Individual Defendants informed Mr. Fernandes that no overtime would be paid despite Plaintiff being required to work overtime hours on a weekly basis.

58. Plaintiff received no overtime wages due to the Individual Defendants' policy of paying straight-time for overtime worked.

59. Additionally, the Individual Defendants did not pay overtime wages to any similarly situated non-exempt employees who worked as clerks at their businesses because of their policy of paying straight-time for overtime worked.

60. Defendants do not possess contemporaneous, complete and accurate records of the number of hours Plaintiff and members of the Plaintiff Class worked.

61. Defendants also do not possess contemporaneous, complete and accurate records of the wages Plaintiff and members of the Plaintiff Class earned.

62. Because the Individual Defendants have a wide-spread policy and practice of not paying employees' overtime pay, the Individual Defendants and their businesses violated 29 U.S.C. § 201, *et seq*.

63. Defendants' violations of the FLSA were willful because no exemption applied to Plaintiff or members of the Plaintiff Class, and the Individual Defendant beforehand chose not to pay any overtime wages.

64. As such, Plaintiff and members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

65. Plaintiff and members of the Plaintiff Class seek an amount of back-pay equaling the total unpaid overtime wages earned from the date they commenced employment for the Defendants until the date of jury verdict and judgment (or their last day of employment, if earlier).

66. Plaintiff and members of the Plaintiff Class further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs under 29 U.S.C. § 216(b),

along with post-judgment interest at the highest rate allowed by law.

## IX.
## ATTORNEYS' FEES AND COSTS

67. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

68. Pursuant to 29 U.S.C. § 216(b), Plaintiff and members of the Plaintiff Class seek to recover their attorneys' fees and costs for prosecuting this civil action.

## X.
## JURY DEMAND

69. Plaintiff and members of the Plaintiff Class demand a jury trial on all issues that may be tried to a jury.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Stanley J. Fernandes and all others similarly situated respectfully request that upon final hearing, the Honorable Court grant Plaintiff and members of the Plaintiff Class, relief against Defendants Complex OMV, Inc., Mircea Osvath and Ana Irina Chirla, jointly and severally, as follows:

a. Authorize the issuance of notice to all of Defendants' similarly situated employees who were employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare that the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and members of the Plaintiff Class overtime pay at one and one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day work period during the three-year lookback period;

c. Declare that Defendants' violations of the FLSA are willful;

d. Order Defendants to pay liquidated damages to Plaintiff and to members of the Plaintiff Class in an amount equal to the unpaid overtime wages;

e. Order Defendants to pay all reasonable attorneys' fees and costs allowed under 29 U.S.C. §216(b);

f. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff and members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff,
Stanley J. Fernandes**